IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VOLTAGE PICTURES, LLC,

            Plaintiff,

   v.

DOES 1-15,

            Defendants.

ORDER

13-cv-282-bbc

---

In this civil lawsuit, plaintiff Voltage Pictures, LLC has alleged that defendants Does 1 - 15 have violated plaintiff's copyright on the motion picture "Maximum Conviction." Currently before the court is an objection by Doe Defendant #13 to the court's previously-entered order (dkt. 10) allowing plaintiff to serve a Rule 45 discovery subpoena prior to the Rule 26(f) conference, apparently on the ground that compliance with this subpoena would require the ISP "to reveal certain private information related to said defendant." *See* dkt. 11.

As for Doe Defendant #13's concern regarding Rule 26(f), s/he gives no reason why it is improper or inefficient for plaintiff to attempt to learn the identities of the actual defendants in this lawsuit so that the parties can actually *hold* a Rule 26(f) conference. As for Doe Defendant #13's privacy concern, on August 13, 2013, Chief Judge William M. Conley entered orders addressing this concern and other related issues in two similar cases: *Breaking Glass Pictures, LLC v. Does 1 - 15*, 13-cv-275 wmc (dkt. 12) and *TCYK, LLC v. Does 1- 13*, 13-cv-296 (dkt. 14). I agree with and adopt the court's reasoning and conclusions in those two orders. As a result, no Doe defendant is entitled to have plaintiff's subpoena to an ISP quashed, but each Doe defendant is entitled to have his/her identity sealed and maintained in confidence pending further order of this court in this case. This order applies to all Doe defendants in this lawsuit, including those who have not filed objections or motions to quash.

ORDER

IT IS ORDERED THAT:

(1) To the extent that the Doe Defendant #13 has moved to quash the subpoena issued by plaintiff to an internet service provider in this lawsuit, that motion is DENIED.

(2) To the extent that Doe Defendant #13 also seeks a protective order maintaining the confidentiality of his/her identity, that motion is GRANTED.

(3) The internet service providers who have been served subpoenas seeking the identity of Doe defendants in this lawsuit shall comply to these subpoenas on a confidential basis to plaintiff's counsel–on an attorney's eyes only basis for now–and to each Doe defendant separately and individually.

(4) Plaintiff's attorneys are prohibited from disclosing any identifying information of any Doe defendant except in a document filed under seal with the court, unless plaintiff first obtains express leave from this court.

Entered this 19th day of August, 2013.

                                            BY THE COURT:

                                            /s/

                                            STEPHEN L. CROCKER
                                            Magistrate Judge